Seney, J.
This was an action brought in the court below by the plaintiffs in error, against the defendants in error, in ejectment, to recover the possession of certain premises, and as an incident thereto the rents and profits.
*680 The plaintiffs claim title by virtue of the will of one John Bashore. The defendants claim title, first, by virtue of a deed from one Elizabeth Bashore, who was the wife and widow of the said John Bashore, and also executrix of his estate. The said Elizabeth Bashore deriving authority, if any authority existed, to convey, by virtue of the same will of John. Bashore; and second, by reason of adverse possession for more than twent-one years.
The questions involved in this case are purely legal. The facts are not disputed; and the legal questions were for the court below to determine, with which the jury had nothing to do, except to follow the instructions as given by the court. The legal questions depend solely and alone upon the legal construction to be given to the will of John Bashore.
His will is as follows:
“I, John Bashore, of Allen county, in the state of Ohio, do make and publish this my last will and testament: First — I give and devise to my beloved wife, Elizabeth, all my property, both real and personal, during her natural life, or so long as she remain my widow, to be held and used by her for her own support and in support of my children, and at her death to be equally divided among my children, except as hereinafter provided.
“Second — I give and devise to my son John three hundred dollars above his equal proportion, to be expended in a judicious manner by my executrix or his guardian for the purpose of.giving him a liberal education after he becomes seventeen years of age.
“ Third — I do hereby appoint my wife, Elizabeth, executrix of this my last will and testament, hereby authorizing and empowering her to manage, control and dispose of my property after my decease, for the purposes aforesaid as to her shall deem just and proper.”
In the construction of a will, as a learned judge has said, “ the testator’s intention is the polar star in the construction of a will.” In ascertaining this intention, “ the language of the will, under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surround *681 ing its execution and connecting the parties and the property devised, with the testator and with the instrument itself.”
The court, in the construction of a will, should place itself in the place of the testator — adopt the language used by the testator, and apply it with reference to the surroundings that surrounded the testator at the time he executed the will
John Bashore left a widow and a number of children; he left quite an estate, consisting of several farms, a hotel property, and quite a large amount of personal property. It is self-evident, that he considered his widow and all his children as alone, objects of his bounty, restricting his widow to that bounty only so long as she bore his name; with him his.name was self-important, and this becomes important in construing item three of his will, wherein he confers a power upon his widow to manage, control and dispose of his property.
By item one of his will, there can be no question but that he devised his entire estate to his widow for life, or so long as she remained his widow — the remainder to his children; and if this item was all there was to the will, there can be no doubt but his widow simply took an estate for life. But there being other items to the will, to arrive at his intention, all the items to the will must be construed together, so that effect can be given to all and not alone to each.
As I have said, item one gives a life-estate interest to the widow, and remainder to the children, in clear and decisive terms; and before a subsequent item of the will can be held to control or modify the prior interest given, the subsequent item must be by words that are as clear and decisive as the words giving the interest. I quote from the case of Thornhill et al. v. Hull, 2d Clark and Finn, 22: “ It is the rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate cannot be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, *682 nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate.” This was approved by our Supreme Court in the 40 Ohio State, at page 364.
Again, in the case of Clark, Ex’r, v. The Trustee of Hardwick Cemetery et al., found in 3 C. C. Rep., page 152, Woodbury, J., in deciding the case, reviewed quite a number of eases, and on page 174 of the Report, used this language: “ Where a life-estate is once established, or, as I have said, where there is an express life-estate given, the authorities are uniform in holding that the power of disposition given to the first taker is limited to such disposition as a life-tenant may make.” This, we think, is a correct holding of the law.
Again, I quote from the opinion of Woods, Justice, in the case of Giles v. Little, 104 U. S. Reports, at page 297: “If the purpose of the testator in the disposition of his property, is what the other parts of his will clearly indicate, then those words (meaning other words in the will) cannot be construed to change that purpose, they can have operation without giving them that effect.”
With these principles of law in view, what construction should be given to the third item of the will, which reads: “ I do hereby appoint my wife, Elizabeth, executrix of this my last will and testament, hereby authorizing and empowering her to manage, control and dispose of my property after my decease, for the purposes aforesaid as to her shall deem just and proper.”
By this item, the power to manage, control and dispose of his property is given to the widow as widow, and not to her as executrix. As we have seen in-the first item, the widow is given a life-estate, absolute; having been given this life-estate, the power of control, management and disposition, under the authorities we have cited, is limited to the life-estate; this bearing this construction, the words in the third item are not as clear and decisive as the words of the first item giving the estate in remainder, and hence, under the authorities we *683 have cited, the words in the third item cannot take away or cut down this estate in remainder.
Lamison & Lamison, attorneys for plaintiffs in error.
Motter & Mackenzie, attorneys for defendants in error.
As we have seen, the purpose and object of the testator was to provide for his widow and children, restricting the widow during her natural life or as long as she remained his widow. This being his purpose, that purpose cannot be defeated by the subsequent third item of the will, for the words of the third item can have operation without giving them that effect.
The purpose of the testator could be defeated by the widow (if the power is other than we have stated) by her disposition of the property within a year after the testator’s death, and then remarrying.
"We do not think the second item of the will contains any words that will change the construction we have given. The words contained in the first item, “except as hereinafter provided,” have reference to the provision contained in the second item, and nothing else.
The right of possession did not vest in the plaintiffs in error until the death of the widow, which death occurred about the 10th day of August, 1891; hence the statute of limitations pleaded has no application.
Entertaining these views, it follows that the court below "erred in its construction of the will, as given to the jury in its charge, and in overruling the motion for a new trial, because the verdict was against the evidence.
For these reasons, the judgment will be reversed, verdict set aside, new trial granted, with costs, execution awarded, and cause remanded for execution and further proceedings in accordance with law.
Moore, J., concurs.
Day, J., dissents.